**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Katina Lee | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No.: |
| v. | : | |
| | : | |
| Denis McDonough, Secretary, | : | |
| Department of Veterans Affairs, | : | |
| Defendant | : | |
| | : | |

# COMPLAINT

### The Parties

1. The Plaintiff, Katina Lee, is an individual who resides at 2314 46th Street, Pennsauken, New Jersey, 08110.

2. The Defendant, Denis McDonough, is named in his official capacity as Secretary of the Department of Veteran Affairs, an agency of the United States with a principal place of business at 3900 Woodland Avenue, Philadelphia, PA 19104.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 [Federal Question], as this case arises under the laws of the United States, including the Rehabilitation Act of 1973, as amended [29 U.S.C. §701, et seq.] ["Rehabilitation Act"], and the Administrative Procedure Act [5 U.S.C. §701, et seq.]. In addition, under 28 U.S.C. §1346 [United States as Defendant], this Court has original jurisdiction over this action, as an agency or officer of the United States is the named defendant.

4. Venue in the District of Pennsylvania is proper under 28 U.S.C. §1391(e), as the defendant is an officer or employee of a United States agency, "a substantial part of the events or omissions giving rise to the claim occurred" here and no real property is involved in the action.

**Statement of Facts**

5. At all relevant times to the complaint, Plaintiff was a Psychiatric Nurse working for Defendant.

6. On February 2, 2017, Plaintiff filed a formal complaint[1] of discrimination alleging discrimination under the Rehabilitation Act. (EEOC Docket No.: 530-2018-00368X). See Exhibit A.

7. On January 18, 2018, Plaintiff filed a formal complaint of discrimination alleging discriminatory/retaliatory termination under the Rehabilitation Act. (EEOC Docket No.: 530-2019-00149X). See Exhibit B.

8. On February 4, 2019, Plaintiff filed another formal complaint of discrimination alleging reprisal under the Rehabilitation Act. (Defendant Case No.: 200H-0642-2019101216). See Exhibit C.

9. On September 27, 2019, Plaintiff filed another formal complaint of discrimination alleging discrimination and reprisal under the Rehabilitative Act. (EEOC Docket No.: 530-2020-00195X). See Exhibit D.

10. Each of the aforementioned formal complaints were investigated and thereafter, Plaintiff requested the complaints be heard/adjudicated by an Equal Employment Opportunity Commission's Administrative Judge.

11. On March 4, 2021, Plaintiff and Defendant agreed to resolve the aforementioned complaints/cases as provided for and reflected in the March 4, 2021, Settlement Agreement. ("Agreement"). See Agreement attached as Exhibit E.

12. Pursuant to the Agreement, Defendant was obligated to do the following:

---

[1] "Formal complaint" as used herein refers to a complaint of discrimination that was filed with the Department of Veterans Affairs Office of Resolution Management.

**2. Agency Obligations:**

As due consideration for the Parties' mutual undertakings and obligation(s) provided for in this Agreement, including but not limited to Complainant's immediate dismissal of all complaints discussed heretofore, excluding excluded claims, the Parties hereby agree to the following:

a. The Agency will pay the Complainant a total lump sum of three-hundred fifty thousand dollars ($350,000.00) made payable to Abara Law Firm, PLLC. This amount is not back pay or front pay but represents monies for claims against Agency that Complainant could have sought, including but not limited to her claim for damages alleging physical injury and physical sickness. The Agency will process the payment within 60 calendar days once the VA 10091 form is completed and received from Complainant, but if it is unable it will provide Complainant with an update on the payment status after 60 days. The Agency makes no representation as to the taxability of this payment.

b. Agency acknowledges that, per the Administrative Judge's ruling in EEOC Case 530-2015-00093X, 530-2016-00200X, Complainant was promoted to a Nurse III effective August 18, 2014 and that at the time of Complainant's October 2017, removal from Agency employment, Complainant was a Nurse 3, Step 6.

c. The Agency will cancel and rescind the July 31, 2017, Proposal for Removal and the removal action dated October 27, 2017 and reinstate Complainant with full backpay, with TSP contribution, step increases, cost of living increases and all other emoluments Complainant would have received from the date of her October 2017 removal through the date of Agency's reinstatement of Complainant to Agency's employ, as if she was continuously employed.

d. The Agency will reinstate and assign Complainant to the position of Registered Nurse, Marlton CBOC- Announcement number: CBSZ-11012903-21-LH, Control number: 589803700.

See Exhibit E.

13. On March 3, 2021, Plaintiff, via the undersigned, communicated a completed VA 10091 form.

14. The Agreement became effective on March 4, 2021.

15. Defendant failed to comply with paragraphs 2(c) where it has failed to pay back pay, with TSP contribution, annual leave and sick leave, and all other emoluments Plaintiff would have received from October 27, 2017, through the date of her reinstatement.

16. Accordingly, Defendant breached the March 4, 2021, Settlement Agreement.

17. On May 5, 2021, Plaintiff, via undersigned counsel, sent Defendant a Notice of Breach of Contract. See Exhibit F.

18. On September 20, 2021, Plaintiff filed with the Equal Employment Opportunity Commission's Office of Federal Operations, (hereinafter "Commission" or "EEOC") a Petition for Enforcement for Defendant's Breach of Contract.

19. On June 28, 2022, the Commission issued a Decision, in relevant part, finding that Defendant was not in compliance with paragraph 2(c) of the Settlement Agreement. More specifically, the Commission entered the following Order:

ORDER

Within thirty (30) calendar days of the date this decision is issued, to the extent that the Defendant or DFAS has not provided payments in accordance with paragraph 2(c) of the March 4, 2021 settlement agreement, the Defendant shall issue a letter to Complainant showing the calculation of the amounts owed and evidence that the necessary paperwork has been submitted to DFAS for payment of such sums. If the referenced payment was made to Complainant, or her representative, prior to the date of this decision, the Defendant shall issue a letter to Complainant showing the calculation for these amounts and proof of payment.

The Defendant must submit evidence of compliance as referenced below. The evidence shall include the above letter to Complainant and any supporting documentation or attachments. Any extension request to complete compliance must be accompanied by: (1) an explanation of the continued delay; and (2) emails or other dated documentation of the Defendant's continued efforts to work with DFAS, including, if applicable, actions taken to escalate this matter within DFAS to expedite is resolution. See Exhibit G.

20. On September 6, 2022, Mr. Daiutolo, Defendant's Senior Strategic Business Partner, emailed the Undersigned to advise that it was re-engaging with Financial Service Center

(FSC) to comply with the Commission's June 28, 2022, Order. See Exhibit H.  Mr. Daiutolo further requested information that Plaintiff's counsel had provided Defendant, via Defendant's counsel, on or about March 3, 2021. *Id.*

21.     On October 24, 2022, Plaintiff's counsel sent Defendant additional and/or cumulative/duplicative information responsive to Mr. Daiutolo's request. See Exhibit I (payment history redacted).

22.     On January 6, 2023, Plaintiff began medical leave due to a work-related injury and communicated same to Defendant.

23.     On January 19, 2023, the Plaintiff's counsel emailed Mr. Daiutolo Plaintiff's medical certification to alert Mr. Daiutolo that Plaintiff would be on extended medical leave. This correspondence specifically stated:

> Good morning, Mr. Daiutolo,
>
> Please be advised that I continue to represent Ms. Lee. I write to advise that on January 6, 2023, Ms. Lee suffered a panic attack and immediately subsequent to that attack, her provider, Dr. Scarlett removed Ms. Lee from work. Ms. Lee is expected to be out of work until February 15, 2023, at which time she will be re-evaluated for return to work. To cover this leave, Ms. Lee will require at least 320 hours of leave. Ms. Lee's current leave balance as stated/reflected in Defendant's system is zero balance. I do not believe that there is any dispute whether Defendant owes Ms. Lee at least 320 hours of leave given the outstanding leave that Defendant has yet to restore to her leave balance on account of prior EEO Decisions/Settlements. Given that Defendant currently owes Ms. Lee at least 320 hours of leave, please advise how Defendant proposes to ensure that she has use of her leave which will ensure her continuation of pay during her leave. Please advise at your earliest convenience.
>
> Regards,

See Exhibit J.

24. On January 23, 2023, the Commission advised Defendant that it had failed to submit a Compliance Report and provided Defendant fifteen (15) days to file its Compliance Report but Defendant failed to timely file a Compliance Report. See Exhibit K.

25. In response to the Plaintiff counsel's inquiry regarding assurances that Plaintiff have adequate leave while she was on medical leave, Defendant requested Plaintiff apply for Advanced Sick Leave- which would ensure that Plaintiff continued to be paid while out on medical leave.

26. Plaintiff applied for advanced sick leave, was approved, and despite Defendant owing Plaintiff leave hours, Plaintiff was- and remains under a requirement to pay back the advanced sick leave.

27. Since being granted advanced sick leave, Plaintiff has exhausted her advanced leave.

28. On March 28, 2023, Plaintiff reached out to Mr. Daiutolo to request additional advanced sick leave and despite Defendant owing Plaintiff years of sick and annual leave that it has yet to restore, in sum, Mr. Daiutolo advised Plaintiff that she could request leave donation from her colleagues or request Leave Without Pay (LWOP).

29. On March 31, 2023, as a result of Defendant's failure to comply with the Agreement and the Commission's Order to restore her leave, Plaintiff requested LWOP. As a result, Plaintiff has sustained additional harm and damages directly flowing from Defendant's breach of the Agreement and failure to comply with the Commission's Order.

30. On February 17, 2024, Plaintiff received a decision from the Commission wherein the Commission found that Defendant was not in compliance with its June 28, 2022, determination. See Exhibit L. Specifically, the Commission stated:

> After a review of the record, **we find that the Agency has still failed to comply with paragraph 2(c)**. As noted in our previous decision, the Agency submitted a screenshot of the DFAS remedy ticket to complete Complainant's backpay and all other emoluments due at the Nurse III grade level. However, there is no documentation reflecting that payment has been received or even that the calculations determining the appropriate amounts owed have been made. Consequently, we do not find the Agency is in compliance with paragraph 2(c) of the settlement agreement.

See Exhibit L. (Emphasis added).

31. Defendant's potential compliance weeks, months, to years from now, if ever, will not remedy Plaintiff's present denial of the use and benefit of leave and/or funds. Plaintiff's harm flows directly from Defendant Breach of Agreement and its contempt of the Commission's Order.

32. Despite Plaintiff's efforts to resolve these issues with Defendant where she continued to confer, in good faith, for over several weeks, with Defendant's representatives regarding the denial of the full bundle of benefits/consideration for which Plaintiff bargained, Defendant has yet failed to comply with the March 4, 2021, Settlement Agreement.

33. Defendant has yet failed to comply with the Commission's Order and determination.

34. On March 11, 2024, consistent with the Commission's decision, Plaintiff, via her counsel, submitted Plaintiff's verified attorney's fees to Defendant but Defendant has failed to make payment within the allotted period under 29 C.F.R. § 1614.501.

35. By the instant civil action, Plaintiff seeks to enforce the Commission's Order and thereby, require Defendant to fully comply with all aspects of the Commission's determination and the March 4, 2021 Agreement, so that Ms. Lee receives all back pay and benefits, plus interest, costs and attorney's fees due and owing.

## **FIRST COUNT**

**29 CFR § 1614.503 - Enforcement of Final Commission Decisions**

36.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37.     After twice petitioning the Commission to compel Defendant's compliance with the Settlement Agreement, Defendant has failed to fully comply with the Commission's prior decisions and is therefore is non-compliant.

38.     Plaintiff, consistent with 29 C.F.R. § 1614.503, seeks the Court's enforcement of the Commission's decisions such that Court Order Defendant to fully comply with the March 4, 2021 Agreement, so that Ms. Lee receives all back pay and benefits, plus interest, and costs. Plaintiff further requests attorney's fees and/or enhanced attorney's fees associated with all aspects of the collection of Plaintiff's entitlements and prosecution of the instant Complaint.

## SECOND COUNT

**Administrative Procedure Act - 5 U.S.C. §701, et seq.**

39.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.     The February 14, 2024, Enforcement Decision is, by its terms, a "final" decision of the EEOC OFO that found Defendant to be non-compliant with the Commission's June 28, 2022 Order.

41.     After twice petitioning the Commission to compel Defendant's compliance with the Settlement Agreement, Defendant has failed to fully comply with the Commission's prior decisions and is therefore is non-compliant.

42.     Plaintiff, consistent with 29 C.F.R. § 1614.503, seeks the Court's enforcement of the Commission's decisions such that Court Order Defendant to fully comply with the March 4, 2021 Agreement, so that Ms. Lee receives all back pay and benefits, plus interest, and costs. Plaintiff further requests attorney's fees and/or enhanced attorney's fees associated with all aspects of the collection of Plaintiff's entitlements and prosecution of the instant Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief in his favor and against Defendants, as follows:

A.     Enter a declaratory judgment finding that Defendant failed to comply with the Commission's decision dated February 14, 2024.

B.     All benefits due and owing under the March 4, 2021 Settlement Agreement.

C.     Award Plaintiff compensatory damages in an amount to be determined at trial that would fully compensate her for the humiliation, embarrassment, and mental and emotional distress caused by Defendant's conduct;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

E.     Granting such other and further equitable relief as justice may require.

ABARA LAW FIRM, PLLC

By: *Obinna I. Abara*
OBINNA I. ABARA, ESQUIRE
1950 Butler Pike, #255
Conshohocken, PA 19428
oabara@abaralaw.com
215.360.3260 (office)
(267) 380-1827 (fax)
Attorney for Plaintiff

Date: May 15, 2024